IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN DAVID ATTEBERRY, )
IDOC # S03277, )
 )
        Plaintiff, )
 )
vs. ) CIVIL NO. 11-261-GPM
 )
MARION COUNTY JAIL, et al., )
 )
        Defendants. )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

John David Atteberry, a prisoner in the custody of the Illinois Department of Corrections who currently is serving a sentence of four years' imprisonment at the Logan Correctional Center for burglary, brings this action to challenge the conditions of his confinement at the Marion County Jail ("the Jail") in Salem, Illinois, presumably while Atteberry was a pretrial detainee at the Jail. This case is now before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which

relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Though the Court is obligated to accept factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Also, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. The factual allegations of a pro se complaint must be liberally construed. *See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006).

According to the allegations of Atteberry's pro se complaint, Atteberry suffers from mental illness, including borderline personality disorder and antisocial personality disorder. Atteberry charges that while confined at the Jail, he was not given adequate medication for his mental disorders. Atteberry further alleges that on December 8, 2009, officials at the Jail improperly allowed him to borrow a pair of Jail-owned nail clippers, which Atteberry used to attempt suicide. Atteberry alleges also that on February 2, 2010, officials at the Jail improperly allowed him to borrow a Jail-owned razor, despite Atteberry's parlous mental state, although Atteberry does not allege that he used the razor to try to hurt himself or others. Atteberry alleges that he is the victim of "medical neglect" and demands $500,000 in damages. Doc. 1 at 7. Named as Defendants in the case are: the Jail; Roeckeman, an administrator at the Jail; Andrew Westman, Jerry Wood, C/O Eddings, C/O Simmons, and C/O Nix, all of whom are correctional officers at the Jail; and Dr. Juenudi, a physician at the Jail.

To the extent Atteberry purports to bring this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.*, that claim is easily disposed of by the Court:

> The FTCA permits an individual to bring suit in federal court against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of *any employee of the Government* while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

*Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003) (quoting 28 U.S.C. § 1346(b)(1)) (emphasis added). Additionally, the only proper party defendant in an FTCA action is the United States. *See Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008) (citing *Stewart v. United States*, 655 F.2d 741, 742 (7th Cir. 1981)) (a plaintiff has no cause of action under the FTCA against a federal employee, as the exclusive remedy for injury negligently caused by such an employee is an action against the United States); *Carter v. Social Sec. Field Office*, No. 02 C 5526, 2004 WL 609316, at *4 (N.D. Ill. Mar. 22, 2004) (citing 28 U.S.C. § 2679(a)) (an action under the FTCA must be brought against the United States in its own name and not by naming a federal agency as defendant, even when the agency has statutory power to sue and be sued) (collecting cases). Inasmuch as the United States is not a party to this case, and none of the Defendants named in this case are employees of the federal government, Atteberry cannot maintain a claim under the FTCA.

To the extent that Atteberry alleges violations of his constitutional rights by personnel at the Jail, the Court construes Atteberry's complaint as being brought pursuant to 42 U.S.C. § 1983, which creates a private civil remedy for damages for deprivations of constitutional rights by persons acting under color of state law. *See Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) (quoting

*Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994)) ("Title 42 U.S.C. § 1983 creates a federal cause of action for 'the deprivation, under color of state law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States.'") (brackets omitted); *Vasquez v. Hernandez*, 60 F.3d 325, 328 (7th Cir. 1995) ("Relief under section 1983 is available to a plaintiff who can demonstrate that a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured either by the Constitution or by federal law."); *Kernats v. O'Sullivan*, 35 F.3d 1171, 1175 (7th Cir. 1994) (quoting *Christian v. Belcher*, 888 F.2d 410, 414 (6th Cir. 1989)) ("Before a defendant may be held liable under 42 U.S.C. § 1983, that defendant must first *possess* power by virtue of state law, then *misuse* that power in a way that violates federal constitutional rights.") (brackets omitted) (emphasis in original). Section 1983 is the exclusive federal remedy for a violation of a person's constitutional rights by a state actor. *See Maxwell v. Village of Sauget, Ill.*, No. 06-451-GPM, 2007 WL 420195, at *2 n.1 (S.D. Ill. Feb. 5, 2007) (collecting cases).

It is well established that, while in the custody of state or local authorities, a pretrial detainee must be afforded certain protections under the Fourteenth Amendment, including access to adequate medical care. *See City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983); *Payne v. Churchich*, 161 F.3d 1030, 1040-41 (7th Cir. 1998). These due process rights are at least as great as the protections afforded a convicted prisoner under the Eighth Amendment. *See Higgins v. Correctional Med. Servs. of Ill., Inc.*, 178 F.3d 508, 511 (7th Cir. 1999); *Estate of Cole v. Fromm*, 94 F.3d 254, 259 n.1 (7th Cir. 1996). Consequently, when considering a pretrial detainee's claim of inadequate medical care, it is appropriate for a court to look to the analogous standards of Eighth Amendment jurisprudence. *See Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999). A prisoner

raising a claim against a prison official for deliberate indifference to the prisoner's serious medical needs must satisfy two requirements. The first requirement compels the prisoner to satisfy an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious[.]'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Thus, "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id*. (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The second requirement involves a subjective standard: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that amounts to "'deliberate indifference' to inmate health or safety." *Id*. (quoting *Wilson*, 501 U.S. at 297). "An objectively serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (quoting *Zentmyer v. Kendall County, Ill*., 220 F.3d 805, 810 (7th Cir. 2000)) (quotation omitted).

Construing Atteberry's complaint as being brought pursuant to 42 U.S.C. § 1983, the Court notes as an initial matter that the Jail is not a "person" capable of being sued under Section 1983. *See Hamburg v. Marion County Jail*, Civil No. 11-73-GPM, 2011 WL 334276, at *2 (S.D. Ill. Jan. 29, 2011) (collecting cases). Also, there is the problem that Atteberry's complaint contains specific allegations of wrongdoing only as to Westman and Wood, who are alleged to have allowed Atteberry improperly to have a pair of nail clippers, and to Juenudi, whom Atteberry seems to allege prescribed medication to him that was ineffective to control his, Atteberry's, mental disorders. Atteberry's complaint is devoid of specific allegations linking Roeckeman, Eddings, Simmons, and Nix to violations of Atteberry's constitutional rights. However, 42 U.S.C. § 1983

"creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994). Correspondingly, a Section 1983 plaintiff must make allegations that "associate specific defendants with specific claims . . . so [the] defendants are put on notice of the claims brought against them and so they can properly answer the complaint." *Willis v. Hulick*, Civil No. 09-cv-447-JPG, 2010 WL 358836, at *2 (S.D. Ill. Jan. 25, 2010) (citing *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003)). Said differently, a Section 1983 plaintiff "cannot state a claim against a defendant [merely] by including the defendant's name in the caption" of a complaint. *Allen v. Feinerman*, Civil No. 07-cv-805-MJR, 2009 WL 90118, at *2 (S.D. Ill. Jan. 14, 2009) (quoting *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998)). Atteberry has failed to state a claim for relief against Roeckeman, Eddings, Simmons, and Nix.

Finally, with respect to Westman, Wood, and Juenudi, there is nothing in the allegations of Atteberry's complaint to indicate that these Defendants acted with deliberate indifference to Atteberry's medical needs. To be liable for deliberate indifference to a prisoner's medical needs, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996) (quoting *Farmer*, 511 U.S. at 837). "Deliberate indifference 'is more than negligence and approaches intentional wrongdoing' . . . . [D]eliberate indifference is 'essentially a criminal recklessness standard, that is, ignoring a known risk.'" *Johnson v. Snyder*, 444 F.3d 579, 585 (7th Cir. 2006) (quoting *Collignon v. Milwaukee County*, 163 F.3d 982, 988 (7th Cir. 1998)). Thus, a prison official's conduct "is 'deliberately indifferent' when the official has

acted in an intentional or criminally reckless manner, *i.e.*, 'the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Armstrong v. Squadrito*, 152 F.3d 564, 577 (7th Cir. 1998)) (brackets and quotation omitted). It is unclear from Atteberry's complaint whether Jail personnel had any knowledge of Atteberry's mental disorders, and in fact Atteberry acknowledges that it was not until January 22, 2010, well after the December 2009 incident in which Atteberry attempted suicide using nail clippers, that a psychological evaluation of Atteberry was performed at the Jail. Also, according to Atteberry, at the time of the December 2009 incident, once Jail personnel were aware that the nail clippers were missing, they immediately initiated a search for the nail clippers. Moreover, once it was discovered that Atteberry had used the nail clippers to cut his wrist, Atteberry was promptly given an antibiotic and put on suicide watch. None of this suggests deliberate indifference to Atteberry's medical needs.

It seems apparent from the allegations of Atteberry's complaint that the December 2009 incident and the February 2010 incident in which the Atteberry was permitted to have, respectively, nail clippers and a razor were at most negligence on the part of Jail personnel; in fact, Atteberry himself calls the December 2009 incident "neglegent" (sic) and the January 2010 incident the product of "neglect." Doc. 1 at 6, 7. However, 42 U.S.C. § 1983 does not punish merely negligent conduct by state actors. *See Daniels v. Williams*, 474 U.S. 327, 330-31 (1986) (a "mere lack of due care by a state official" does not "'deprive' an individual of life, liberty, or property under the Fourteenth Amendment."); *Harper v. Albert*, 400 F.3d 1052, 1065 (7th Cir. 2005) (in order for a state prisoner to make out a Section 1983 claim for deliberate indifference to the prisoner's serious

medical needs, negligence or even gross negligence is not enough; rather, a prisoner must show actual intent or deliberate indifference on the part of state actors); *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) ("Mere negligence or even gross negligence does not constitute deliberate indifference."). Similarly, to the extent Atteberry charges that Juenudi prescribed the wrong medication to him or that the course of treatment selected by Juenudi was ineffective, "[m]edical malpractice in the form of an incorrect diagnosis or improper treatment does not state an Eighth Amendment claim." *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997). *See also Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) ("[I]t is important to emphasize that medical malpractice, negligence, or even gross negligence does not equate to deliberate indifference."); *Walker v. Peters*, 233 F.3d 494, 499 (7th Cir. 2000) ("A doctor might be careless . . . , and this carelessness may constitute malpractice. But malpractice alone is not enough to meet the constitutional standard."). The Court concludes that Atteberry's complaint is due to be dismissed.

To conclude, pursuant to 28 U.S.C. § 1915A, the Court finds that Atteberry's complaint in this case fails to state a claim upon which relief may be granted. Therefore, this action is **DISMISSED with prejudice**. Atteberry is advised that the dismissal of this case will count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g). The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: April 12, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge